Toomer, Judge.
 

 The Defendant having
 
 become the
 
 surety of
 
 Anne Fox,
 
 on a bond given for tiie guardianship of her son, presented to her an instrument of writing to be executed by her, representing jt as a mere
 
 receipt,
 
 acknowledging that Defendant bad become her surety.— She executed it, without reading, or requiring it tobe read
 
 ;
 
 and when executed, it was an absolute deed, conveying land to the Defendant in fee for the consideration of tilree hundred dollars.
 

 The indictment sets forth these circumstances in technical form, charging the Defendant with a
 
 cheat
 
 at
 
 common law.
 
 It is not pretended that the transaction involves any fraud on the public at
 
 large;
 
 nor has it been perpetrated by the aid of any deceitful practice or false token, which might affect the public at large. Had it been a direct and immediate fraud on the public, it might
 
 *201
 
 have been indictable, although effected without the use of anv false or public token. But on this point it is unnecessary to express an opinion. (2 East. P.
 
 C.
 
 821—2
 
 Chitty Crim. Law,
 
 559—3
 
 M.
 
 &
 
 S.
 
 11—1 Dal.
 
 47—
 
 6
 
 East. Rep.
 
 136—3
 
 Chitty
 
 701, 704—5
 
 Mod.
 
 179—2
 
 Camp.
 
 269—4
 
 Bur.
 
 2106—3
 
 Chit.
 
 666—1
 
 Leach
 
 208.)
 

 This fraud is flagrantly marked with moral turpitude, and an individual has been the victim of base imposition. But to be tiie
 
 subject
 
 of
 
 criminal prosecution,
 
 it should have been effected by the use of some false token, or deceitful
 
 practice, calculated to
 
 defraud numbers, and against which ordinary prudence could not provide. Common care, ordinary vigilance, would have prevented its commission. Indeed it could not have been practised without gross negligence on the part of the person injured. It does not even appear that the prosecutrix was an illiterate person, and could not read. It is an instance of
 
 mere false
 
 assertion, deceiving confiding credulity. There was not even any artful contrivance to lull suspicion, and impose on prudence : no false token was used. Cheats of a private nature, effected without the use of false tokens, arc indictable, when the result of conspiracy — when practised by two or more persons who conspire to effect them. (2
 
 Ld. Raym.
 
 1179.) No conspiracy is charged in this indictment. The case referred to of
 
 Rex
 
 v.
 
 Skirrct el al.
 
 in behalf of the prosecution, is one of conspiracy.
 

 This is a mere civil injury, for which
 
 the
 
 suffering party has a civil remedy $ and if the fraud can be proved, without the testimony of the prosecutrix, redress may be obtained. It is a foul fraud, and in a civil action, tut honest jury will give ample damages.
 

 Civil injuries should not be the subjects of criminal prosecutions. Good policy does not require the multiplication of public offences.
 

 Per Curiam. — Let the judgment be arrested.